UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE, Cayman Islands Branch,<br><br>Defendant. | Case No. 1:11-cv-00227-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The plaintiff Stewart Title has submitted 141 documents to the Court for an *in camera* inspection to determine if the documents are protected by the attorney/client privilege. Both parties have submitted briefing on the issue. For the reasons explained below, the Court finds that portions of the documents are protected by the privilege while other portions must be produced. The Court sets forth its decision in detail below.

## BACKGROUND

This discovery dispute started when defendant Credit Suisse filed a motion to compel the production of documents containing communications between Stewart Title and its counsel at the law firm of Faegre Benson. Stewart Title objected, claiming that the documents were protected by the attorney/client privilege and the work product doctrine. The Court issued a decision finding the work product doctrine inapplicable, and giving counsel direction on the claims of privilege. The Court relied on the recent decision in *Cedell v. Farmers Insurance Co. of Washington*, 295 P.3d 239 (Wash.Sup.Ct. 2013). Adopting that holding, the Court presumed that the entire file was not protected by privilege and required Stewart Title to show how the

**ORDER RE. JOINT MOTION TO EXTEND DISCOVERY DEADLINES**

privilege applied to each document it sought to protect.  The Court ordered Stewart Title to produce all of the challenged documents that deal primarily with the factual investigation of the lien claims and those that discuss both coverage and factual matters.  In instances where there was a close question regarding the privileged content of the documents to be produced, the Court directed Stewart Title to submit the documents to the Court for *in camera* review.

Pursuant to the Court's Order, Stewart Title produced hundreds of documents to Credit Suisse, and also submitted 141 pages of documents to the Court for *in camera* review.

## ANALYSIS

In the supplemental briefing, Credit Suisse pointed out that it has a fraud claim against Stewart Title.  Credit Suisse claims that Stewart Title had a secret plan devised in the early fall of 2010 to deny coverage for the Banner liens, some of the largest at issue, but not tell Credit Suisse until after the state court ruled on the validity of that lien claim.  According to Credit Suisse, that allowed Stewart Title to "exploit for itself the 'negotiating leverage' created by the timing of trial and the uncertainty of settlement with Banner II (the general contractor) [to settle claims that were clearly covered]."  *See Supplemental Brief (Dkt. No. 107)* at p. 5.  Stewart Title adamantly denies this claim, but it presently exists in the case and provides a legitimate basis for discovery.

There is no privilege for documents "sufficiently related to" allegations that the client is engaged in a fraudulent scheme while seeking the advice of an attorney.  *See In re Napster Inc. Copyright Litig.,* 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by*, *Mohawk Indus., Inc. v. Carpenter,* 558 U.S. 100 (2009).  The best evidence of the fraud "is likely to be in the hands of the party invoking the privilege" and hence is discoverable.  *Id.*

This analysis gives the Court further guidance for its *in camera* review.  The Court will order the production of documents (1) that are sufficiently related to Credit Suisse's fraud claim that Stewart Title decided in the fall of 2010 to deny the Banner liens, and (2) that relate to

**ORDER RE. JOINT MOTION TO EXTEND DISCOVERY DEADLINES** 2

Stewart Title's investigation and evaluation of the lien claims.  The following table contains the Court's rulings at to each document reviewed *in camera*.  The page numbers include the entire document submitted, although in most cases Stewart Title is claiming that only the yellow highlighted portions of those documents are privileged.  In some instances, for a single multi-page document, the Court has decided to compel production of some pages and/or paragraphs and order the redaction of other pages and/or paragraphs.

The Court's decisions set forth in the table below relate to the yellow highlighted material contained in the particular document referenced.

| Date | Page Numbers | Decision |
|---|---|---|
| September 13, 2010 | 3961 | Discoverable.  Relates to fraud claim/Banner lien. |
| March 16, 2010 | 3964 (thru 0003) | Part discoverable.  Redact paragraphs 3 & 4.  Produce everything else as it relates to fraud claim/Banner lien and evaluation of other liens. |
| Undated | 3965 (thru 0003) | Discoverable.  Relates to fraud claim/Banner lien. |
| March 15, 2010 | 9343 (0002 to 0003) | Discoverable.  Relates to fraud claim/Banner lien. |
| May 11 2009 | 14731 (thru 0002) | Privileged |
| March 30, 2011 | 17117 (thru 0002) | Privileged.  Discussion of law firm retention generally. |
| March 25 2011 | 17203 (thru 0002) | Privileged.  Discussion of law firm retention generally |
| September 10, 2010 | 18516 | Discoverable.  Relates to fraud claim/Banner lien. |
| September 10, 2010 | 18534 | Discoverable.  Relates to fraud claim/Banner lien. |
| March 31, 2011 | 19468 (thru 0002) | Privileged. Discussion of law firm retention generally. |
| June 1 2011 | 28223 (thru 0002) | Privileged. |
| Dec. 29, 2009 | 4694 | Privileged |
| May 12 2009 | 4163 | Privileged.  General settlement strategy. |

| May 12 2009 | 3921 | Privileged. General settlement strategy. |
| --- | --- | --- |
| Dec. 16 2009 | 3398 (thru 0002) | Privileged. General settlement strategy. |
| June 10 2009 | 2077 (thru 0002) | Privileged. |
| Sept 7 2010 | 1834 (thru 0002) | Discoverable. Relates to fraud claim/Banner lien. |
| Sept 7 2010 | 1764 | Privileged. General settlement strategy. |
| Sept 7 2010 | 1708 | Privileged. |
| May 11 2009 | 146 (thru 0002) | Privileged. |
| June 12 2009 | 89 (thru 0002) | The highlighted portion in the e-mail of June 12 2009 relates to the fraud claim/Banner lien and is discoverable. The highlighted portion in the e-mail dated June 10 2009 is privileged. |
| May 12 2009 | 07 | Privileged. Bond discussion. |
| May 12 2009 | 08 | Privileged. Bond discussion. |
| May 11 2009 | 01 | Privileged. (same as 146) |
| Undated | 1635 (thru 0003) | Discoverable. Relates to fraud claim/Banner lien. |
| June 26 2009 | 3378 | Privileged. |
| August 11 2009 | 1618 (thru 0003) | Privileged. Counsel general strategy |
| August 18, 2009 | 600 (thru 0004) | Discoverable. Appears to relate to lien investigations. |
| August 31 2009 | 601 (thru 0002) | Discoverable. Appears to relate to lien investigations. |
| Nov. 20 2009 | 23046 (thru 0002) | Privileged. |
| Nov 20 2009 | 23049 | Privileged. |
| March 9 2010 | 627 (thru 0002) | Paragraphs 1 (all subparts), 3, 5, 8 and 9 are all discoverable as they related to fraud/Banner liens. Other paragraphs are privileged. |
| March 15 2010 | 1608 (thru 0003) | Discoverable. Relates to fraud claim/Banner lien. |

| March 23 2010 | 633 (thru 0004) | Discoverable.  Relates to fraud claim/Banner lien. |
|---|---|---|
| September 2 2010 | 18590 | Discoverable.  Relates to fraud claim/Banner lien. |
| Sept 10 2010 | 18518 (647 thru 648-0003) | Discoverable.  Relates to fraud claim/Banner lien. |
| Sept 10 2010 | 18519 (thru 0003) | Discoverable.  Relates to fraud claim/Banner lien. |
| May 6 2009 | 3430 | Privileged.  General legal research. |
| May 7 2009 | 3430 | Privileged (same e-mail as above) |
| Aug 13 2009 | 19136 (thru 012) | Privileged.  General legal research |
| Sept 18 2009 | 1623 to 1624 (thru 0007) & 19135 (thru 002) | Privileged.  General legal research |
| March 12 2010 | 632 (thru 0007) | Privileged.  Memo regarding counsel. |
| Aug 19 2010 | 649 (thru 0003) | Privileged.  General legal research. |
| Aug 19 2010 | 638 (thru 0006) | Privileged.  General legal research. |
| Sept 3 2009 | 19141 (pages -10 to -14) | Privileged. |
| Dec 15 2009 | 373 (pages -012 to -015) | Privileged. |
| April 15, 2010 | 434 (thru 0019) | The only portions that are privileged are (1) the "Policy Defenses" paragraph on pages -0014 to -0015; and (2) the fourth bullet point on page -0016, and (3) all bullet points on page -0017.  They shall be redacted and the remainder of the memo shall be produced. |
| August 23 2010 | 485 (thru -0033) | The following highlighted portions are not privileged as they related to fraud claim/Banner liens:  (1) paragraph (3) at page -0009; (2) paragraph highlighted at page -0013; (3) second bullet point on page -0016 carried over to -0017 and including first full bullet point on -0017; and (4) two paragraphs highlighted on page -0024. |
| Nov 16 2009 | 23116 | Privileged. |

| Oct 18 2010 | 18169 (at page -0002) 0007) | Privileged. |
| --- | --- | --- |
| April 16 2010 | 9158 (thru -0002) | Privileged.  LID related. |
| April 26 2010 | 9095 (thru -0003) | Privileged.  Gold course related. |
| Oct 18 2010 | 1776 (thru -0006) | Privileged.  Golf course related. |
| June 1 2010 | 1668 | Privileged.  LID related. |
| May 27 2010 | 1525 (thru 0006) | Privileged.  Golf course related. |
| March 21 2011 | 17296 | Discoverable.  Relates to fraud claim/Banner lien. |
| March 11 2011 | 17297 | Discoverable.  Letter to opposing counsel, not to client. |
| Undated | 17298 (thru 0022) | Privileged. Draft complaint. |
| March 16 2011 | 17302 | Discoverable.  Relates to fraud claim/Banner lien. |

## **Conclusion**

In its earlier decision, *see Memorandum Decision (Dkt. No. 81)*, the Court ruled on Credit Suisse's motion to compel by granting it in part and reserving a decision in part pending this *in camera* review.  Now that the *in camera* review has been completed, the Court will grant the motion in part and deny it in part in accordance with the rulings made above.

Stewart Title is directed to make the redactions noted above and produce the material immediately to Credit Suisse.

### ORDER

In accordance with the Memorandum Decision set forth above,

**ORDER RE. JOINT MOTION TO EXTEND DISCOVERY DEADLINES**                                                                      **6**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (docket no. 61) is GRANTED IN PART AND DENIED IN PART in accordance with the rulings made above.

DATED: August 14, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court