UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE, Cayman Islands Branch,<br><br>Defendant | Case No. 1:11-cv-227-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Stewart Title's motion to quash. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Stewart Title seeks to quash deposition subpoenas served on two of its trial counsel in this case, Diane Davies and Dirk de Roos. Stewart Title argues that Credit Suisse has failed to satisfy the high standard that must be met before trial counsel can be deposed.

This Court has recently issued a decision setting forth the legal standard to be applied to resolve a motion to quash a deposition subpoena served on trial counsel. *See Melaleuca, Inc. v. Bartholomew*, 2012 WL 3544738 (D.Id. August 16, 2012). That legal standard requires Credit Suisse to show that the information sought "(1) cannot be obtained through other means; (2) is relevant and not covered by privilege or the work-product doctrine; and (3) is necessary in preparing their case." *Id*. at *2.

Memorandum Decision and Order – page 1

It is rare for this standard to be satisfied. Most cases are like *Melaleuca,* where the Court refused to allow the deposition of trial counsel to proceed. In that case, the evidence sought – trial counsel's thoughts and impressions – appeared to be privileged, was largely irrelevant, and, in any event, was available by other means.

In the present case, Credit Suisse charges Stewart Title with fraud. Credit Suisse claims that as early as 2010, Stewart Title decided to deny coverage on the larger lien claims and to hide that decision from Credit Suisse. At that time, Stewart Title had leverage to settle lien claims because the state court had not yet ruled on the validity of the larger lien claims. Credit Suisse alleges that Stewart Title used that leverage to settle only the claims that were clearly covered, leaving Credit Suisse exposed to the larger lien claims. The day after the state court ruled that the larger claims were valid – ending any opportunity to settle those claims on advantageous terms – Stewart Title advised Credit Suisse that those claims were not covered by its policy. Credit Suisse argues that Stewart Title committed fraud by hiding its decision to deny coverage to Credit Suisse until it could use all the settlement leverage for its own benefit.

It is this claim that Credit Suisse seeks to explore in the proposed depositions of Dirk de Roos and Diane Davies. Recently, this Court has ruled that there is no privilege or work product production for documents held by Stewart Title that relate to (1) Credit Suisse's fraud claim, and (2) Stewart Title's investigation and evaluation of the lien claims. To resolve a dispute over about 140 documents, the Court reviewed them *in camera* and found most to fall within these two unprotected categories. They contain

discussions with Dirk de Roos and Diane Davies that pertain to Credit Suisse's fraud claim.

Thus, unlike the deposition proposed in *Melaleuca,* the depositions proposed here seek relevant evidence that the Court has already held is not protected by privilege or the work product doctrine. The *in camera* documents give some indication that both counsel may have been involved in the decisions that Credit Suisse challenges as fraudulent, and so may have information that cannot be obtained by any other means. Finally, the evidence is necessary to Credit Suisse's pursuit of its fraud claim.

For these reasons the Court will deny the motion to quash.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to quash (docket no. 115) is DENIED.

DATED: September 4, 2013

B. Lynn Winmill
Chief Judge
United States District Court