# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE, Cayman Islands Branch,<br><br>Defendant. | Case No. 1:11-cv-00227-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion to quash and for protective order filed by Credit Suisse, and a motion to compel discovery filed by Stewart Title. In this decision, the Court is resolving on an expedited basis only the issues raised in these motions concerning the three depositions set for November 19, 20, and 21, 2014. The Court will allow those depositions to proceed as scheduled, but the inquiry must strictly adhere to the limits placed on the reopening of discovery that allowed this discovery.

# BACKGROUND

About a month after discovery had closed, Stewart Title filed a motion to reopen discovery. It argued that an event occurring after the discovery deadline was especially relevant to Stewart Title's claim that Credit Suisse failed to mitigate damages. More specifically, Stewart Title argued that Credit Suisse's failure to accept its tender to

redeem two properties – known as the Trillium and Village Plaza II properties – constituted a failure to mitigate.

Credit Suisse's refusal was communicated to Stewart Title by Credit Suisse official, Megan Kane. Stewart Title sought to depose her and others who directed or participated in that decision to refuse the tender. Stewart Title also sought to submit a supplemental expert report on "Credit Suisse's refusal to redeem the foreclosed properties . . . ." *See Stewart Title Brief (Dkt. No. 146)* at p. 10.

Judge Benson granted this portion of Stewart Title's motion, and reopened discovery for 60 days for Stewart Title to (1) depose Kane; (2) depose any Credit Suisse employee(s) and individual lender(s) who directed or participated in the decisions communicated by Ms. Kane regarding Credit Suisse's refusal to redeem; (3) submit a supplemental expert report on the issue; and (4) obtain production of all correspondence related to the failure to accept the tender for the redemption of the two properties.

Within that 60-day period, Stewart Title has noticed up three depositions: (1) Kane; (2) Charles Bender; and (3) Michael Criscito. Credit Suisse has filed a motion to quash and for protective order, arguing that Criscito's subpoena should be quashed and that the questioning of Kane and Bender should be limited.

## ANALYSIS

### Megan Kane Deposition

Credit Suisse objects to most of the subjects set forth in Stewart Title's Rule 30(b)(6) Notice setting the deposition of Kane, although it concedes that four areas are proper. The Court agrees in part with Credit Suisse's objections.

**Memorandum Decision & Order – page 2**

For example, the Notice seeks to inquire about "any efforts to mitigate damages claimed in the lawsuit." The reopening of discovery was done for a limited purpose – to inquire into Credit Suisse's refusal to accept the tender for redemption of the two properties, the Trillium and Village Plaza II properties. Stewart Title had a full opportunity to do discovery on mitigation during the original discovery period, and the Court is not going to reopen discovery on mitigation generally. Moreover, Stewart Title's briefing before Judge Benson was very narrow in its request for a reopening of discovery – that is a sound strategy for success, but it limits the scope of the successful result. Judge Benson carefully tracked Stewart Title's request in his decision, and did not go beyond that request. This Court will likewise refuse to expand discovery beyond that request. The Court will not allow inquiry into "any efforts to mitigate damages claimed in this lawsuit."

For identical reasons, the Court will not allow inquiry into (1) the sale of properties other than the Trillium and Village Plaza II properties; (2) communications with Banner/Sabey or Mike Dunne; (3) the New TR Acquisition Co. LLC; (4) the Tamarack Resort property; and (5) identities of those with "knowledge" or "notice" of the redemptions. These are all areas that were listed in Stewart Title's Notice that go far beyond the limited reopening of discovery allowed by Judge Benson.

The Court does find, however, that Stewart Title may inquire into decisions regarding the eventual redemption of the Trillium property, and the decisions concerning whether to redeem the Village Plaza II property. Credit Suisse has objected to these two

areas, but the Court finds them tightly connected to the refusal to accept the tender, and thus will allow them.

In conclusion, the Court will allow inquiry into the following numbered paragraphs in the Notice: 1, 2, 3, 7, 8, 11, 20, and 21.

**Michael Criscito Deposition**

Stewart Title argues that Criscito may have participated in or directed Credit Suisse's refusal to accept the tender because after Credit Suisse redeemed the Trillium property, Criscito signed (along with Kane) the Assignment of that property to New TR Acquisition Co, LLC. This involvement, Stewart Title argues, signals that Criscito may have insights into Credit Suisse's refusal to accept the tender, and justifies taking his deposition.

Credit Suisse responds that Criscito did not direct or participate in the decision to refuse the tender, and that his deposition would be a waste of time. Nevertheless, his signature on the Assignment is some evidence that he might have information on this specific topic. Stewart Title is therefore entitled to ask him whether he participated in – or directed – Credit Suisse's decision to refuse the tender. If he says no, it will be a very short deposition, because the Court will not permit any inquiry beyond that. If he says yes, the Court will permit further inquiry into his participation or direction.

**Charles Bender Deposition**

This deposition must be likewise limited to Credit Suisse's decision to refuse the tender concerning the two properties. It cannot stray into mitigation generally or inquire into other properties.

**Memorandum Decision & Order – page 4**

## Conclusion

In conclusion, the Court will allow the three depositions to proceed as scheduled but will limit the inquiry as stated above. A number of other issues raised by the briefing remain to be resolved and the Court will do so on an expedited basis.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Credit Suisse's motion to quash (docket no. 221) is GRANTED IN PART AND DENIED IN PART. The three depositions may go forward as scheduled. The deposition of Kane shall be limited to the following numbered paragraphs contained in the Rule 30(b)(6) Notice: 1, 2, 3, 7, 8, 11, 20, and 21. The depositions of Bender and Criscito are limited as set forth above.

IT IS FURTHER ORDERED, that the Stewart Title's motion to compel (docket no. 225) is DENIED IN PART AND RESERVED IN PART. It is denied to the extent it seeks to compel inquiry beyond the limits set forth above. It is reserved to the extent it raises issues beyond the three depositions set for the week of November 17, 2014.

DATED: November 17, 2014

B. Lynn Winmill
Chief Judge
United States District Court