**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE, Cayman Islands Branch,<br><br>Defendant. | Case No. 1:11-cv-00227-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Stewart Title's motion to compel and Credit Suisse's motion for protective order. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant in part Stewart Title's motion to compel and deny Credit Suisse's motion for protective order.

**<u>Motion to Compel</u>**

Stewart Title seeks to compel Credit Suisse to produce a Rule 30(b)(6) witness who can describe in detail the search conducted for documents relating to the redemption of the Trillium and Village Plaza properties. Credit Suisse has not yet produced such a witness, and it is crucial for Stewart Title to obtain this information. The Court will grant the motion to this extent.

Stewart Title also asks for a ruling that the search conducted by Credit Suisse was insufficient, and asks for a broader search, without offering any specifics.  The Court cannot make such a finding on the present record, especially since no Credit Suisse witness has yet fully described the search that was undertaken.  Moreover, the Court will need more specific recommendations from Stewart Title before rendering any decision.  This part of the motion will therefore be denied without prejudice to Stewart Title's right to raise it again when the record is more developed on the search parameters.

Finally, Stewart Title asks for an additional 60 days to conduct further discovery, including the deposition of third-party lenders discussed above and the Rule 30(b)(6) witness discussed here.  The Court agrees, and will so order.

**Motion for Protective Order**

Credit Suisse asks for a protective order on the ground that Stewart Title's planned discovery of third-party lenders is beyond the scope of the Court's Order and would be a waste of time.  In the Court's earlier decision, s*ee Memorandum Decision (Dkt. No. 226),* the Court approved inquiry into the subjects listed in eight paragraphs contained in Stewart Title's Notice of Taking Deposition – specifically paragraphs 1, 2, 3, 7, 8, 11, 20, and 21.  Credit Suisse reads this decision to limit discovery to its rejection of Stewart Title's tender.  Credit Suisse argues that because its decision to reject the tender was made only by those within the company and was based entirely on a legal analysis that the tender was a mere litigation ploy, it would be a waste of time to question third-party lenders who did not participate in the decision and hence could offer no insights.

The Court disagrees with the premise of this argument. The subjects listed in the eight paragraphs, upon which the Court allowed discovery, go beyond Credit Suisse's rejection of the tender. Two of those paragraphs seek inquiry into "decisions relating to redemption of" the Trillium and Village Plaza properties. This is broad enough to include discovery into the role of the third-party lenders in the decisions whether to redeem the properties, and is not limited to Credit Suisse's decision to reject the tenders. Hence, Stewart Title was proceeding properly when its inquiry of Credit Suisse's official Megan Kane revealed that the third-party lenders sought information from Credit Suisse about, among other things, (1) "the dollar amount of redemption"; (2) "the components involved in that dollar amount"; (3) [w]hat are the responsibilities if you do redeem"; (4) what revenue generation would be available from the property"; and (5) "other capital expenditures that might be necessary." *See Kane Deposition* at pp. 71-73, 79-80, 125. Stewart Title is entitled to pursue this line of inquiry by questioning third-party lenders about the decisions relating to the redemptions.

Consequently, the Court will deny Credit Suisse's motion for protective order.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that Stewart Title's motion to compel (docket no. 225) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to compel Credit Suisse to provide a Rule 30(b)(6) witness to describe in detail the search conducted for the discovery requests, and it is granted to the

extent it seeks an extension of the discovery deadline for 60 days from the date of this decision to conduct further discovery. It is denied in all other respects.

IT IS FURTHER ORDERED, that Credit Suisse's motion for protective order (docket no. 235) is DENIED.

DATED: December 16, 2014

B. Lynn Winmill
Chief Judge
United States District Court