# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE, Cayman Islands Branch,<br><br>Defendant. | Case No. 1:11-cv-00227-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it the following motions filed by Credit Suisse: (1) for leave to conduct reciprocal discovery; (2) for leave to seek summary judgment; and (3) to strike material in Stewart Title's supplemental pleadings. The motions are fully briefed and at issue. For the reasons explained below, the Court will (1) grant the motion to conduct reciprocal discovery; (2) grant the motion for leave to seek summary judgment; and (3) deny the motion to strike.

# BACKGROUND

Defendant Credit Suisse loaned $250 million to Tamarack Resort, LLC to build a ski resort. Credit Suisse secured its loan with two mortgages on the resort property, and obtained title insurance from plaintiff Stewart Title. With the resort only partially completed, Tamarack defaulted on the loan, leaving most of the contractors unpaid. The

contractors filed liens on the resort property, and those liens were later determined to be superior to Credit Suisse's two mortgages.

Credit Suisse sought to recoup its losses by making a claim on the title insurance provided by Stewart Title. Stewart Title responded by filing this action seeking a declaratory judgment that it is not required by the title insurance policy to indemnify Credit Suisse for any loss due to these superior liens.

As the litigation proceeded, the discovery deadline expired. About a month later, Stewart Title filed a motion to reopen discovery. It argued that an event occurring after the discovery deadline was especially relevant to Stewart Title's claim that Credit Suisse failed to mitigate damages. More specifically, Stewart Title argued that Credit Suisse's failure to accept its tender to redeem two properties – known as the Trillium and Village Plaza II properties – constituted a failure to mitigate.

Credit Suisse's refusal was communicated to Stewart Title by Credit Suisse official, Megan Kane. Stewart Title sought to depose her and others who directed or participated in that decision to refuse the tender. Stewart Title also sought to submit a supplemental expert report on Credit Suisse's refusal to redeem the foreclosed properties.

Stewart Title's motion to reopen discovery was referred to Judge Benson. He granted that request, and reopened discovery for 60 days for Stewart Title to (1) depose Kane; (2) depose any Credit Suisse employee(s) and individual lender(s) who directed or participated in the decisions communicated by Ms. Kane regarding Credit Suisse's refusal to redeem; (3) submit a supplemental expert report on the issue; and (4) obtain production of all correspondence related to the failure to accept the tender for the

**Memorandum Decision & Order – page 2**

redemption of the two properties. All of this discovery is limited to the mitigation of damages issue.

Credit Suisse has now filed a motion for reciprocal discovery on the mitigation issue, and has also filed a motion to be allowed to seek summary judgment on that issue after the discovery is completed. Credit Suisse has also filed a motion to strike material in Stewart Title's supplemental pleadings. The Court will consider each motion below.

## ANALYSIS

### Credit Suisse's Motion for Reciprocal Discovery

Credit Suisse argues that discovery is not a one-way street, and that if Stewart Title is entitled to inquire into the mitigation of damages issue, Credit Suisse should be entitled to reciprocal discovery. The Court agrees. Credit Suisse should be allowed discovery within the same boundaries granted to Stewart Title. Stewart Title was allowed to inquire into Credit Suisse's reasons for rejecting Stewart Title's offer to redeem the two properties; Credit Suisse must be allowed discovery into Stewart Title's reasons and ability to perform its offer to redeem the two properties. For example, it would be unjust to allow Stewart Title to argue that Credit Suisse should have mitigated its damages by accepting Stewart Title's offer to redeem the two properties if in fact Stewart Title was unable to perform that offer. Stewart Title's ability to perform is hence a proper subject of discovery.

Stewart Title argues that Credit Suisse has delayed too long, and should have sought its own discovery as part of its attempt to block's Stewart Title's discovery. But Credit Suisse was entitled to contest Stewart Title's motion for additional discovery

**Memorandum Decision & Order – page 3**

without simultaneously seeking in the alternative to obtain its own discovery. If a party must advance a fallback position in every motion, it would dilute the persuasive power of its principal argument, and so that cannot be adopted as a general rule. There was nothing illegitimate about Credit Suisse attempting to block the discovery, and then, when Judge Benson allowed it, immediately asking to conduct its own reciprocal discovery. The Court cannot find the motion untimely.

Stewart Title argues that Credit Suisse is improperly attempting to expand discovery beyond Judge Benson's order that only allowed discovery into "Credit Suisse's refusal to redeem the foreclosed properties." To now allow discovery into Stewart Title's ability to perform the tender would go far beyond Judge Benson's boundaries, Stewart Title argues. But, as explained above, Judge Benson only had Stewart Title's motion in front of him, so he was not asked to make the discovery a two-way street and hence did not rule on that issue. Allowing reciprocal discovery does expand the scope of the inquiry, but the alternative – to lock one party out of the discovery process on an issue discovered only after the discovery deadline passed – is simply unjust.

The Court will therefore grant Credit Suisse's motion. The Court will allow Credit Suisse to pursue discovery through depositions and document production. More specifically, the Court will allow Credit Suisse to take the deposition of Scott McBee, the author of Stewart Title's letter in which it made the tender to Credit Suisse, and two other Stewart Title officials who were involved in the decision to make the tender. In addition, the Court will allow Credit Suisse to seek documents from Stewart Title regarding the decision to offer the tender of redemption. All of this discovery shall be limited to an

**Memorandum Decision & Order – page 4**

inquiry into the intent, timing, purpose, and ability to perform the tender for the redemption of the two properties.

Credit Suisse also asks to be allowed to file a rebuttal expert report to Stewart Title's supplemental expert report, allowed by Judge Benson, regarding the failure to mitigate damages. Because Stewart Title was allowed to submit a supplemental expert report, it is only fair to allow Credit Suisse an opportunity to rebut that report.

The Court will require Credit Suisse to conduct this discovery within 60 days of this decision, and will require it to file its rebuttal expert report within 30 days of this decision.[1]

**Motion to Allow Filing of Summary Judgment**

Credit Suisse argues that it should be entitled to file a motion for summary judgment on the mitigation issue once the discovery, allowed above, is completed. Stewart Title agrees, so long as the briefing is limited to ten pages and no oral argument is allowed.

The Court will grant the motion, and will allow the standard page limits for an opening brief, but will not permit any extension of the page limits set by our Local Rules. The Court will determine whether it needs oral argument after examining the briefs. Credit Suisse shall file its motion within 30 days after the additional discovery period allowed in this decision has closed.

---

[1] The Court assumes here that Stewart Title has already filed its supplemental expert report on the mitigation issue, to which Credit Suisse will be responding. If that is not the case, counsel may contact the Court to determine whether this deadline should be extended.

**Memorandum Decision & Order – page 5**

**Motion To Strike**

Judge Benson allowed Stewart Title to supplement its complaint with allegations regarding Credit Suisse's alleged failure to mitigate damages by accepting Stewart Title's tender for the redemption of the two properties. In its supplemental response, Stewart Title not only included the new allegations but also repeated all allegations in the prior complaint. Credit Suisse now seeks to strike any material other than the new allegations, arguing that they will cause confusion because some of those claims and allegations are no longer part of the case, having been dismissed by various motions.

The Court disagrees. The Court and counsel can guard against any confusion so that should not be an issue. The parties also point to Local Rule 15.1, each interpreting that Rule as supporting their case. Given that both interpretations are at least reasonable, the Court is not going to punish Stewart Title for its reasonable interpretation of the Rule. Consequently, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Credit Suisse's motion for reciprocal discovery (docket no. 216) is GRANTED. The Court will allow Credit Suisse to conduct the discovery described above. The depositions and document discovery shall be completed within 60 days of this decision, and the rebuttal expert shall be filed within 30 days of this decision.

IT IS FURTHER ORDERED, that the motion for leave to file a motion for summary judgment (docket no. 246) is GRANTED. Credit Suisse shall file its motion –

**Memorandum Decision & Order – page 6**

limited to the mitigation of damages issue and abiding by all page limits set by the Local Rules – within 30 days from the close of the additional discovery allowed by this decision.

IT IS FURTHER ORDERED, that the motion to strike (docket no. 218) is DENIED.

DATED: March 31, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court